IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HAYS, ALAN D., ) | |
| SSN: xxx-xx-5782 ) | CASE NO.: 19-81291 |
| ) | |
| Debtor. ) | CHAPTER 11 |
| _____ ) | |
| HAYS, ALAN D., ) | AP Case No.: |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GLENDA NEILL, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

COMES NOW the plaintiff, ALAN D. HAYS, as debtor and debtor-in- possession ("Plaintiff" or "Debtor" or "ALAN D. HAYS"), in the above-captioned debtor-in- possession administered chapter 11 case ("Chapter 11 Case"), by and through its undersigned counsel, files this complaint ("Complaint") to avoid and recover preferential transfers against defendant, GLENDA NEILL ("Defendant"). In support of the Complaint, Debtor hereby alleges upon information and belief that:

**I. NATURE OF THE CASE**

1. This action is commenced pursuant to sections 545, 547 and 550 of chapter 11 of title 11 of the United States Code ("Bankruptcy Code") to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, preferential transfers of property made by Debtor that occurred during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy proceedings.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of his rights and the rights of the Debtor to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## II. JURISDICTION AND VENUE

3.      This court has jurisdiction of this adversary proceeding, which arises under the Bankruptcy Code and relates to the above-captioned Chapter 11 Case pending in the United States Bankruptcy Court for the Northern District of North Alabama ("Court"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      This adversary proceeding is a "core" proceeding to be heard and determined by this Court, pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6.      The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

7.      Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to entry of final orders or judgments by this Court.

## III. PROCEDURAL BACKGROUND

8.      On April 25, 2019 ("Petition Date"), the Debtor commenced this Chapter 11 Case (Case No.: 19-81291) by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of North Alabama ("Bankruptcy Court").

9.      On May 7, 2019 the Bankruptcy Court sanctioned the Operating Procedures for the administration of Plaintiff's Chapter 11 Case.

10. On June 24, 2019 Debtor file a Motion to Avoid a Non-Possessory Lien in an unsuccessful attempt to avoid filing this Adversary Proceeding.

## IV. PARTIES

11. The Debtor is an Alabama resident.

## V. FACTUAL BACKGROUND

12. Debtor in possession is an individual d/b/a ROCKET CITY TRUCK REPAIR, doing business in Madison County, Alabama. Debtor was leasing property from Defendant in January, 2019.

13. The Transfer set forth above occurred during the ninety (90) day period prior to the Petition Date, April 25, 2019 ("Preference Period").

14. Upon information and belief, the Defendants took possession of the Transfer with constructive or actual knowledge of Plaintiff's impending bankruptcy and with the knowledge that the Transfer was subject to potential avoidance and recovery pursuant to Sections 547, 548 and 550 of the Bankruptcy Code.

15. Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid the Transfer to the Defendant.

16. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfer made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendants or any other transferee. Plaintiff reserves his right to amend this original Complaint to include (i) further information regarding the transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendants names; (iv) additional defendants; and/or (v) additional causes of action that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the

amendments to relate back to this original Complaint.

## VI. CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

17. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

18. As more particularly set forth on the Bill of Sale and Surrender of Possession, **Exhibit "A"** attached hereto and incorporated herein, during the Preference Period, the Debtor made the Transfer to or for the benefit of Defendant's properties worth a property an aggregate amount of no less than $33,000.00 located at 165 Export Circle, Huntsville, Alabama.

19. The Transfers constituted a transfer of an interest in property of the Debtor.

20. During the Preference Period, Defendant was a creditor at the time of the Transfer by virtue of Debtor's leasing of a repair shop from Defendant for $2,400 a month.

21. The Transfer was to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code, because the Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor, as set forth on **Exhibit A, (Bill of Sale)** hereto.
The Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made, each of which constituted a "debt" or "claim" for $33,000.00 (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

22. The Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

23. The Transfer was made during the Preference Period for a landlord lien which is limited to six (6) months in accordance with Alabama law, the Defendant would only be entitled to a secured claim of six months' rent ($14,400.00).

Alabama law provides:

### *Ala Code Section 35-9-60:*

"The landlord of any storehouse or other building shall have a lien on the goods, furniture, and effects belonging to the tenant, and subtenant, for rent, which shall be superior to all other liens, except those for taxes, and except as otherwise provided in Section 7-9A-333. In case the tenant or subtenant is adjudged a bankrupt, such lien on such goods, furniture, and effects of the bankrupt shall, as against the trustee in bankruptcy, attach only for unpaid rent accrued and which shall accrue within six months from the date of adjudication computed pro rata at the then current rate. The lien amount accrued and to accrue shall not be increased by reason of any default or breach of contract by the bankrupt. From the amount of such lien, so computed, the trustee in bankruptcy may deduct all payments and all demands which could be legally set up against the landlord by way of counterclaim."

24. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payment of her debts under the provisions of the Bankruptcy Code.

25. In accordance with the foregoing, the Transfer is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

26. Defendant was the initial transferee of the Transfer or the immediate or mediate transferees of such initial transferees, or the persons for whose benefit the Transfer was made.

(ii) Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfers under section 547(b) of the Bankruptcy Code; and (ii) entitling Plaintiff to recover the Transfer or the value of the Transfer from Defendant under Section 550(a) of the Bankruptcy Code,

together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. §§ 548(a)(1)(B))

27. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

28. To the extent that the Transfer was not on account of an antecedent debt or a prepayment for goods subsequently received, the Debtor did not receive reasonably equivalent value in exchange for the Transfer ("Potentially Fraudulent Transfers"); and

   i. The Debtor was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer;

   ii. The Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

   iii. The Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

29. The Potentially Fraudulent Transfers are avoidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

30. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

31. Plaintiff is entitled to avoid the Transfers, Statutory Liens, and any Potentially Fraudulent Transfers pursuant to Sections 545, 547 and 548 of the Bankruptcy Code (collectively,

"Avoided Transfers").

32. Defendant was the initial transferee of the Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

33. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Avoided Transfer from Defendant, and have the property returned or the value of the property paid plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))

34. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

35. Defendant is a party from whom property is recoverable under Section 550 of the Bankruptcy Code.

36. Defendant is a transferee of the Avoided Transfers avoidable under Sections 547, 548 and/or 549 of the Bankruptcy Code.

37. Defendant has not paid the amount of the Avoided Transfer, or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

38. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or her assignee(s) against the Debtor's chapter 11 estate must be disallowed until such time as Defendant pays to Debtor an amount equal to the aggregate amount of the Avoided Transfers that such Defendant received, plus interest thereon and costs.

39. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant, and/or her assignee(s) must be disallowed until such time as Defendant pays to Debtor an amount equal to the aggregate amount of the Avoided Transfers that such Defendants received, plus interest thereon and costs.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant relief and enter a judgment against Defendant as follows:

A. that the Avoided Transfer avoidable under Sections 547, 548 and/or 549 of the Bankruptcy Code, in the total aggregate amount of not less than $33,000, be avoided and the property be returned to the Plaintiff.

B. that the Avoided Transfer, to the extent that they are avoided pursuant to Sections 547, 548 and/or 549 of the Bankruptcy Code, be recovered by Plaintiff pursuant to Section 550 of the Bankruptcy Code; That the transferred property be returned to Plaintiff.

C. that any and all claims held by Defendant and/or its assignee be disallowed in accordance with Section 502(d) of the Bankruptcy Code until Defendant satisfies the judgment;

D. that any and all claims held by Defendant and/or its assignee be disallowed in accordance with Section 502(j) of the Bankruptcy Code until Defendant satisfies the judgment;

E. that pre-judgment interest be awarded at the maximum legal rate running from the date of filing of the Complaint to the date of judgment herein;

F. that post-judgment interest be awarded at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. that Defendant be required to pay forthwith the judgment amount awarded in favor of Plaintiff; and

H. that the Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated this the 23rd day of July, 2019.

>/s/ S. Mitchell Howie
> S. MITCHELL HOWIE
> ATTORNEY FOR DEBTOR
> 107 NORTH SIDE SQUARE
> HUNTSVILLE, AL 35801
> (256)533-2400
> FAX: (256)533-3488
> mitch@huntsvillelaw.info

**CERTIFICATE OF SERVICE**

I do hereby certify that on 7-23-19, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
richard_blythe@alnba.uscourts.gov

Matthew Hancock, Esq.
Attorney for Glenda Neill
wmhancock@wolfjones.com

All parties requesting notice via ECF

Via U.S. Mail or ECF to all creditors on matrix

> */s/ S. Mitchell Howie*
> S. MITCHELL HOWIE